**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | |
|---|---|
| In re:<br>WILLIAM J HARGENRADER, JR.<br>AND DANIELE S HARGENRADER<br>　　　　DEBTORS. | Case # 19-10760-amc<br><br>Chapter: 13 |
| USAA FEDERAL SAVINGS BANK<br>　　　　MOVANT,<br>v.<br><br>WILLIAM J HARGENRADER, JR.<br>AND DANIELE S HARGENRADER<br>　　　　DEBTORS,<br><br>AND<br><br>WILLIAM C. MILLER, Esq.,<br>　　　　TRUSTEE.<br>　　　　　　　　RESPONDENTS. | **HEARING DATE:**<br><br>**October 15, 2019 at 11:00 A.M.**<br><br>**Courtroom Number #4**<br><br>**LOCATION:**<br>U.S. Bankruptcy Court<br>Robert N.C. Nix, Sr. Federal Courthouse<br>900 Market Street<br>Philadelphia, PA 19107 |

**MOTION OF USAA FEDERAL SAVINGS BANK FOR AN ORDER TERMINATING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

USAA Federal Savings Bank (hereafter called "Movant"), hereby moves for relief from the automatic stay of 11 U.S.C. §362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for entry of an order terminating the automatic stay to permit Movant to pursue its rights under state law with respect to the 2010 Toyota Prius, VIN# JTDKN3DU7A1304835 (the "Vehicle"):

**Jurisdiction and Venue**

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

2. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue of the Motion in this District is proper pursuant to 28 U.S.C. § 1409(a).

## Predicates for Relief

4. This Motion is premised on Section 362(d) of the Bankruptcy Code, and is a contested matter within the meaning of Bankruptcy Rules 4001 and 9014.

## Statement of Facts

5. Movant holds a security interest in the Debtors' Vehicle as shown in Note, Disclosure, and Security Agreement executed by William J. Hargenrader, Jr. and Daniele S. Hargenrader (the "Debtors") in the original financed amount of $10,827.00 (the "Contract") to finance their acquisition of the Vehicle and provided a security interest in the Vehicle to secure payment of the obligation under the Contract. A copy of the Contract is attached hereto as Exhibit "A". Movant properly perfected its security interest by an electronic Title as evidenced by the Lien and Title Information Report ("Title"). A copy of the Title is attached hereto as Exhibit "B".

6. On February 6, 2019, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. On Schedule D, filed with the petition, the Debtors estimated the value of the Vehicle at $3,500.00 (Docket No.: 1).

7. During the pendency of their bankruptcy, Debtors filed their Amended Chapter 13 Plan ("Plan") with the Court. The Plan states that they intended to continue to make the regular payments directly to Movant according to the original contract terms (Docket No.: 18). On August 7, 2019, the Court entered an Order Confirming Chapter 13 Plan. (Docket No. 25). It is a binding contract between the Debtors and Movant, on which Movant is entitled to rely and which it is entitled to ask the Court to enforce. Movant, therefore, respectfully requests that the Court order the Debtors to cure the arrears within a reasonable time. In the alternative, as discussed below, if the Debtors are not able to cure the arrears within a reasonable time, Movant requests that the Court terminate the automatic stay.

8.  As of August 21, 2019, the total indebtedness on the Vehicle is $2,293.52. Debtors are in post-petition due starting with the payment on June 8, 2019 in the amount of $186.93, July 8, 2019 in the amount of $212.31 and August 8, 2019 in the amount of $198.11, for a total delinquency of $597.35. An additional payment will come due on September 8, 2019 and the 8th thereafter. A copy of the payment history is attached hereto as Exhibit "C".

9.  Cause exists for relief from the automatic stay under Bankruptcy Code §362(d)(1) because: The Debtors are in default under the terms of the Contract; Movant's security interest in the Vehicle is not adequately protected because the Debtors are not making payments on the debt, which is causing the value of the Vehicle to continue to erode.

WHEREFORE, Movant requests that this Court enter an order providing that:

(i)  The Automatic Stay imposed pursuant to Bankruptcy Code § 362 be terminated to allow Movant to exercise its right to take any and all action necessary and appropriate to enforce Movant's interest against the Vehicle, including, but not limited to, the right to repossess and liquidate its Vehicle pursuant to state law;

(ii)  The 14-day stay of Bankruptcy Rule 4001(a)(3) be waived;

(iii)  The Order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code; and

(iv)  Such other relief as justice may require and the Court deems proper is granted.

//

Dated: September 24, 2019            Weinstein & Riley, P.S.

/s/Lisa Cancanon
Lisa Cancanon
Bar ID: 323550
11101 West 120th Avenue #280
Broomfield, CO 80021
Telephone: (303) 539-8600
Facsimile: (206) 269-3493
Email: lisac@w-legal.com
Attorneys for Movant